**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| 1-800 CONTACTS, INC., a Delaware corporation,<br><br>　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**LENSFAST, LLC d/b/a CONTACTLENS.COM , LENSFAST.COM, and E-CONTACTS.COM a Limited Liability Company of Wyoming, and RANDOLPH WEIGNER of Meredith New Hampshire,**<br><br>　　　　　　　　**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:08CV984 DAK** |

This matter is before the court on Defendants' Motion for Protective Order, Defendants' Motion to Stay, and Plaintiff's Motion to Compel Document Production and Depositions.  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

Defendants seek a stay of this litigation pending a decision on cross-motions for summary judgment in a similar case, *1-800 Contacts v. Lens.com*, which is before another judge in this district.  Defendants argue that if 1-800 Contacts' claims in the other litigation are dismissed, then its claims against Defendants in this case will become moot, and therefore there will be no need for depositions or document production.

Defendants, however, are not necessarily correct.  The *Lens.com* litigation involves a different defendant than the Defendants involved in the instant litigation, and it is far from clear that the facts or the legal issues in the *Lens.com* case are the same as in the case at bar. Moreover, the decision in the *Lens.co*m case is not binding on this court.  While a decision adverse to 1-800 Contacts in the other litigation may provide useful leverage to Defendants in this litigation and may be instructional to this court, it will not necessarily render this action moot.  This court is under no obligation to follow the decision of another judge in this district. *See Threadgill v. Armstrong World Industries, Inc.* (3rd Cir. 1991) (noting that "[t]he doctrine of stare decisis does not compel one district court judge to follow the decision of another") (internal quotation omitted).  Thus, there is little reason to stay this action pending a decision in the *Lens.com* case.

Because Defendants' Motion for a Protective Order is now moot and because Defendants have apparently based their refusal to produce documents on the possibility that the action might be stayed, the court declines to rule on the other motions, finding them moot.   Now that the court has ruled that the action will not be stayed, the court is optimistic that the parties will be able to cooperate in the discovery process.  If necessary, however, the parties may refile any discovery-related motions if the need arises in the future.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Protective Order [Docket # 19] is DENIED AS MOOT; Defendants' Motion to Stay [Docket # 21] is DENIED; and Plaintiff's Motion to Compel Document Production and Depositions [Docket # 23] is

DENIED AS MOOT.

DATED this 19th of November, 2009.

BY THE COURT:

DALE A. KIMBALL
United States District Judge